**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JEFFREY S. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:14-CV-251-TLS |
| | ) |
| JAMES J. ABBS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Jeffrey S. Brown, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Brown's lawsuit stems from the alleged actions of his appointed public defender, James J. Abbs, while he was awaiting trial during a state court criminal case. Brown claims that Abbs

provided ineffective assistance in a variety of ways prior to and during trial. This claim is foreclosed. The Constitution only protects against acts of defendants acting under color of state law, *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, to the extent Brown is seeking some type of order declaring that his Fifth and Sixth Amendment rights were violated in the criminal case, he can only seek such relief in a habeas action brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Accordingly, this claim must be dismissed.

For the reasons stated above, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED on September 23, 2014.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT